FILED

2009 Sep-21  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANNE K. DELBENE; ELEANOR McKENZIE DELBENE, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cv-1635-SLB |
| | ) | |
| CENTRAL ALABAMA MOBILITY, INC.; INDEPENDENT DRIVING SYSTEMS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case is before the court on Central Alabama Mobility's Motion to Dismiss Cross-Claim of Independent Driving Systems. (Doc. 18.)  Central Alabama Mobility ["CAM"] contends that the cross-claim filed by Independent Driving Systems ["IDS"] is due to be dismissed because it fails to state a claim upon which relief may be granted.  IDS's cross-claim alleges claims based on indemnity and breach of warranty.  Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that CAM's Motion to Dismiss, (doc. 18), is due to be granted in part and denied in part.

### I. MOTION TO DISMISS STANDARD

When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true."  *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citations omitted); *see also Rivell v. Private Healthcare Systems, Inc.*, 520 F.3d 1308, 1309 (11th 2008).

[T]he complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, [545], 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).   "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, [550 U.S. at 556]).   This rule does not "impose a probability requirement at the pleading stage." *Twombly*, [550 U.S. at 556].   Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Id*.   "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, [550 U.S. at 556]).

*Rivell*, 520 F.3d at 1309-10.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

## II.  STATEMENT OF FACTS

IDS alleges the following facts:

     5.  [CAM] contracted with [IDS] to provide certain computer software and installation relating to adaptive driving equipment in a van owned by Anne K. DelBene and Eleanor M. DelBene.

6. [IDS] performed all of its contractual obligations to [CAM], and all software, installation, and any other services performed by [IDS] in relation to the van owned by [plaintiffs] were performed in an acceptable and workmanlike manner. There were no defects or problems caused by the software, materials, and services performed by [IDS] in relation to the van owned by [plaintiffs].

7. [Plaintiffs] have alleged that [CAM] and [IDS] are liable to them on the basis that there are allegedly substantial defects in the van's electrical system, mechanical system, and software used to operate the controls.

8. As alleged in the Complaint filed by [plaintiffs], counsel for [plaintiffs] wrote to [CAM] concerning problems with the van, but when [CAM] failed to respond to this communication, [plaintiffs] filed a Complaint in this Court against [CAM] and [IDS].

9. [IDS] has denied any liability to [plaintiffs] or that there is any defect in the van in its Answer filed on or about February 17, 2009. [IDS] maintains that there was and is no defect in the van that would warrant any recovery by [plaintiffs]. To the extent that there have been problems associated with the performance of the van, all such problems are due to [CAM's] negligence in selecting, installing, maintaining and repairing certain equipment in the van and other acts and omissions alleged in Counts One - Three hereof. None of the problems are due to any act or omission of [IDS].

(Doc. 17 ¶¶ 5-9.)

## DISCUSSION

IDS's cross-claim contains three counts: indemnity, breach of express warranty, and breach of implied warranty. For the reasons set forth below, the court finds that the Motion to Dismiss is due to be denied as to Count One and granted as to Counts Two and Three.

## A. INDEMNITY

IDS alleges:

11. [CAM] acted negligently, recklessly, and/or wantonly in selecting, installing, maintaining and repairing certain equipment in the van owned by [plaintiffs]. [IDS] has been damaged in that it has incurred additional expense due to the negligence of [CAM], including but not limited to costs of labor and other costs, as well as legal expenses including attorney's fees. [IDS] has suffered or will suffer injuries and damages, including a potential judgment in favor of [plaintiffs] and against [IDS], defense costs, legal expenses including attorney's fees, and other incidental and consequential damages resulting from the wrongful conduct of [CAM].

(Doc. 17 ¶ 11.)

CAM contends that Count One of IDS's cross claim is due to be dismissed "because plaintiffs['] . . . independent allegations against [CAM] [do] not create a claim for common law or contractual indemnity in favor of the sub-contracting IDS." (Doc. 18 ¶ 6.) This bare statement is insufficient to satisfy CAM's "very high burden" on a Motion to Dismiss based on failure to state a claim for relief. *See Beck*, 144 F.3d at 735-36.

Generally, in Alabama, a joint tortfeasor cannot sue for contribution or indemnification. *See In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993*, 121 F.3d 1421, 1423-24 (11th Cir. 1997)(citing *Campbell v. Williams*, 638 So. 2d 804, 809-10 (Ala.), *cert. denied*, 513 U.S. 868 (1994); *Consolidated Pipe & Supply Co. v. Stockham Valves & Fittings, Inc.*, 365 So. 2d 968, 970 (Ala. 1978)); *see also Coates v. CTB, Inc.*, 173 F. Supp. 2d 1200, 1203 (M.D. Ala. 2001)(citing *Kennedy Engine Co. v. Dog River Marina & Boatworks, Inc.*, 432 So. 2d 1214, 1215 (Ala. 1983); *Consolidated Pipe & Supply Co.*, 365 So. 2d at 970). However, there is an exception to this rule:

"[A] joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault,

but the fault of the party from whom indemnity is claimed was the efficient cause of the injury.  Where an injury results from a violation of a duty which one owes to another, the parties are not in pari delicto." *Mallory S.S. Co. v. Druhan*, 17 Ala.App. 365, 84 So. 874, 877 (1920); *see also J.C. Bradford & Co. v. Calhoun*, 612 So.2d 396, 398 (Ala. 1992); *Crigler v. Salac*, 438 So.2d 1375, 1385 (Ala. 1983)(both discussing the exception and citing *Mallory*).

*Coates*, 173 F. Supp. 2d at 1203.

IDS alleges that it was not negligent and that it performed the work on plaintiffs' van according to the appropriate standards.  Also, IDS claims that CAM negligently performed its work on plaintiffs' van, and that this negligence caused plaintiffs to sue IDS.  At this stage of the proceedings, these allegations are sufficient to state a claim for common-law indemnity.

CAM's Motion to Dismiss Count One of IDS's cross claim will be denied.

## B.  WARRANTY CLAIMS

IDS alleges:

13.  The cross-claim defendant, [CAM], warranted and represented to [IDS] that its products and installation would not be defective and would comply with applicable industry standards.

14.  [CAM]'s products and installation were defective and did not conform to the representations and warranties made by [CAM].

15.  [CAM] is a manufacturer, seller, distributor and installer of the equipment that is the subject of this lawsuit.

16.  [IDS] gave notice to [CAM] of the defective products and work alleged by [plaintiffs], and [IDS] has provided [CAM] with an adequate opportunity to cure the defects, but [CAM] has failed or refused to repair or replace the defective products and work.  [CAM] has breached the warranties it gave to [IDS].

17.  As a proximate result of [CAM]'S breach of warranties, [IDS] has been damaged in that it has incurred additional expense due to the breach of warranty of [CAM], including but not limited to costs of labor and other costs, as well as legal expenses including attorney's fees.  [IDS] has suffered or will suffer injuries and damages, including a potential judgment in favor of [plaintiffs] and against [IDS], defense costs, legal expenses including attorney's fees, and other incidental and consequential damages resulting from the wrongful conduct of [CAM].

. . .

19.  [CAM] has breached implied warranties of merchantability, implied warranties that their products and installation were fit for a particular purpose, and other implied warranties under the common law and the Uniform Commercial Code.  [CAM] has had an adequate opportunity to remedy the breach, but has failed or refused to do so.

20.  As a proximate result of [CAM]'s breach of implied warranties, [IDS] has been damaged in that it has incurred additional expense due to the breach of warranty of [CAM], including but not limited to costs of labor and other costs, as well as legal expenses including attorney's fees.  [IDS] has suffered or will suffer injuries and damages, including a potential judgment in favor of [plaintiffs] and against [IDS], defense costs, legal expenses including attorney's fees, and other incidental and consequential damages resulting from the wrongful conduct of [CAM].

(Doc. 17 ¶¶ .)

IDS alleges that CAM was a "seller"; however, it does not allege that it was a "buyer" of CAM's goods.  An essential element of any claim for breach of warranty is a contract for the sale of goods.  *See Gordon v. Acrocrete, Inc.*, Civil Action No. 05-0329-WS-M, 2006 WL 1096156, *5 (S.D. Ala. Apr. 24, 2006); *Ex parte Miller*, 693 So. 2d 1372, 1376 (Ala. 1997)("In Alabama, the crux of all express warranty claims is that ***the goods did not conform*** to the warranty."); Ala. Code § 7-2-313(a); § 7-2-314(1); § 7-2-315; *see also see* 1 James J.

White and Robert S. Summers, UNIFORM COMMERCIAL CODE § 9-3 (5th ed.); Jenelle Mims

Marsh and Charles W. Gamble, ALABAMA LAW OF DAMAGES § 32:9 (5th ed.).  "A warranty,

whether express or implied, is made by a **seller** to its buyer.  *Harris Moran Seed Co., Inc. v.*

*Phillips*, 949 So. 2d 916, 922 (Ala. Civ. App. 2006)(citing Ala. Code §§ 7-2-313, -314, and

-315)(emphasis in original).  The absence of a "seller/buyer relationship," "in cases of strictly

economic harm (which is all [IDS] alleged), is fatal to [a] . . . warranty claim under [Ala.

Code § 7-2-313,] § 7-2-314[,] or § 7-2-315."  *Johnson v. Anderson Ford, Inc.*, 686 So. 2d

224, 228 (Ala. 1996).

IDS does not allege that it had a contract to buy goods from CAM.  Therefore, it has

not stated a cause of action based on a breach of any warranty, express or implied.  Counts

Two and Three are due to be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that IDS has failed to state a

claim for breach of warranty, express or implied, upon which relief can be granted, but it has

stated a claim for common-law indemnity.  An Order granting in part and denying in part

CAM's Motion to Dismiss, (doc. 18), will be entered contemporaneously with this

Memorandum Opinion.

**DONE**, this the 21st day of September, 2009.

<u>*Sharon Lovelace Blackburn*</u>
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE